**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

**STEPHANIE JALBERT, on behalf of herself and all others similarly situated,**

**Plaintiff,**

**- against -**

**LOVISA AMERICA, LLC,**

**Defendant.**

**Case No. 2:26-cv-00466-SDM-KAJ**

**AMENDED COLLECTIVE ACTION COMPLAINT**

Plaintiff Stephanie Jalbert ("Plaintiff"), on behalf of herself and all others similarly situated, by her attorneys, Shavitz Law Group, P.A., brings this lawsuit against Defendant Lovisa America, LLC ("Defendant" or "Lovisa") and alleges as follows:

## INTRODUCTION

1. Defendant is a jewelry retailer with over 200 stores across the United States, including in California, Massachusetts, Ohio and Pennsylvania.

2. Defendant employs hourly-paid Store Managers such as Plaintiff at its retail stores.

3. As part of their duties, Store Managers were required to perform the following forms of off-the-clock work:

a. Store Managers work off the clock before and after their shifts performing tasks such as: (i) setting up displays; (ii) conducting inventory; (iii) preparing the store schedule; (iv) preparing daily reports; and (v) cleaning and recovering the store;

b. Store Managers regularly receive phone calls and text messages outside of their scheduled hours and are not compensated for the time spent engaging in such work-related tasks.

c. Defendant automatically deducted a lunch break from Store Managers' recorded work hours although Store Managers were routinely unable to take their lunch breaks, or their lunch breaks are cut short by interruptions from customers and/or colleagues.

4. Defendant does not pay its Store Managers for the above-described work. As a result, Defendant's actions violate the overtime provisions of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 201, *et seq*.

5. To recover for these violations of the FLSA, Plaintiff brings this action on behalf of herself, and all similarly situated current and former Store Managers employed by Defendant on or after July 1, 2022[1] who elect to opt in to this action pursuant to the FLSA (the "FLSA Collective"). At the earliest time possible, Plaintiff seeks permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to the proposed FLSA Collective members.

## JURISDICTION & VENUE

6. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. §§ 201, *et seq*. and 28 U.S.C. § 1331.

7. This Court has jurisdiction over the FLSA claims of the out-of-state FLSA Collective members because, *inter alia*, Defendant is headquartered in Grove City, Franklin County, Ohio.

8. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

***Plaintiff***

[1] The parties signed a Tolling Agreement on July 2, 2025 preserving the statute of limitations for Store Managers employed on or before July 1, 2025, and for the Named Plaintiff from May 19, 2022.

10. Jalbert is a resident of Cambridge, Massachusetts.

11. Jalbert worked for Defendant as a non-exempt, hourly-paid Store Manager from approximately July 2023 through September 2024.

12. Over the course of her employment, Jalbert worked at Lovisa's Burlington, Massachusetts store.

13. At all times relevant, Jalbert was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

***Defendant Lovisa America, LLC***

14. Lovisa America, LLC is a Delaware limited liability company.

15. Lovisa is headquartered in Grove City, Franklin County, Ohio.

16. At all times relevant, Lovisa was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, the activities of Lovisa constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

18. Upon information and belief, Lovisa maintained control, oversight, and direction over its operations and employment practices.

19. At all times hereinafter mentioned, Lovisa employed employees, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

20. Upon information and belief, at all times relevant, Lovisa's annual gross volume of business was not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FACTS

21. Plaintiff and the FLSA Collective worked unpaid overtime off the clock for Defendant's benefit and without compensation.

22. Store Managers are generally scheduled to work five (5) days a week for shifts of at least eight (8) hours each.

23. Defendant pays Store Managers by the hour.

24. Defendant, however, does not pay Store Managers for all work they actually perform.

25. This is a result of Store Managers performing off-the-clock work.

26. Defendant maintained a common practice requiring that Plaintiff and the FLSA Collective perform work off the clock without compensation.

27. *First*, Plaintiff and other Store Managers work off the clock before and after their shifts performing tasks such as: (a) setting up displays; (b) conducting inventory; (c) preparing the store schedule; (d) preparing daily reports; and (e) cleaning and recovering the store.

28. *Second*, Plaintiff and the other Store Managers regularly receive phone calls and text messages outside of their scheduled hours and are not compensated for the time spent engaging in such work-related tasks. Plaintiff and the other Store Managers regularly receive work-related phone calls from supervisors, and subordinates at all times of the day throughout the week.

29. *Third*, Defendant automatically deducted at least thirty (30) minutes each day from the hours Plaintiff and the Store Managers recorded for a lunch break although Store Managers routinely did not take most or all of such breaks.

30. By not paying for work performed, Defendant failed to pay wages owed without any legitimate business reason as Defendant caused Plaintiff and the FLSA Collective to work off the clock. Upon information and belief, Defendant's conduct was the result of an effort to save on

labor costs and limit the amount of wages and overtime wages paid to Plaintiff and the FLSA Collective in violation of the overtime provisions of the FLSA.

31. Defendant knew that Plaintiff and the FLSA Collective worked off the clock, but did not pay them for this time worked.

32. Defendant did not inquire into or exercise reasonable diligence to discover whether Plaintiff and the FLSA Collective were paid for all time worked.

33. Defendant did not keep accurate records of all time worked by Plaintiff and the FLSA Collective.

## FLSA COLLECTIVE ACTION CLAIMS

34. Upon information and belief, there are more than 500 members of the putative FLSA Collective.

35. Plaintiff brings this action under the FLSA on behalf of herself and all members of the FLSA Collective who opt in to this action.

36. Defendant was or should have been aware that the FLSA prohibited them from requiring their employees to work overtime hours without pay.

37. Upon information and belief, Defendant applied the same policies and practices to its Store Managers throughout all its stores.

38. The FLSA Collective is readily identifiable and locatable through use of the Defendant's records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

**FLSA UNPAID OVERTIME WAGES**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

39. Plaintiff incorporates by reference all preceding allegations.

40. Defendant engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

41. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). *See* ECF No. 1-1.

42. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

43. Defendant failed to pay Plaintiff and other similarly situated current and former employees all overtime wages to which they were entitled under the FLSA.

44. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

45. Defendant was aware or should have been aware that Plaintiff and the FLSA Collective were working off the clock without pay.

46. Defendant knew or should have known that it was required to pay its Store Managers for all hours worked.

47. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

48. As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

49. As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seek the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice to the FLSA Collective. Such notice shall inform the FLSA Collective that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime wages under the FLSA;

C. Liquidated damages;

D. Designation of Plaintiff as representative of the FLSA Collective;

E. Pre-judgment interest and post-judgment interest as provided by law;

F. Appropriate equitable and injunctive relief to remedy violations;

G. Attorneys' fees and costs of the action;

H. Issuance of a declaratory judgment that the practices complained of in this action are unlawful under FLSA;

I. Reasonable incentive awards for Plaintiff to compensate her for the time she spent attempting to recover wages for the FLSA Collective, and for the risks she took in doing so; and

J. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Named Plaintiff demands a jury trial as to all claims so triable.

Respectfully submitted,

s/ Camar R. Jones
Camar R. Jones (admitted *pro hac vice)*
SHAVITZ LAW GROUP, P.A.
622 Banyan Trail, Suite 200
Boca Raton, Florida 33431
Telephone: (561) 447-8888
E-mail: cjones@shavitzlaw.com

BARKAN MEIZLISH DEROSE COX, LLP
Robert E. DeRose (0055214)
4200 Regent Street, Suite 210
Columbus, Ohio 43219
Phone: (614)221-4221
Facsimile: (614)744-2300
E-mail: bderose@barkanmeizlish.com

*Counsel for Plaintiff, Opt In Plaintiffs, and the Putative Collective*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on May 13, 2026**.** I also certify that the foregoing document is being served this day on all counsel of record in the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Camar R. Jones
Camar R. Jones

**SERVICE LIST**
***Jalbert v. Lovisa America, LLC***
**Case No.: 2:26-cv-00466-SDM-KAJ**
**United States District Court, Southern District of Ohio**

Timothy C. Dougherty
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
(513) 898-0050 | Telephone
(513) 898-0051 | Fax
Timothy.dougherty@jacksonlewis.com
*Counsel for Defendant Lovisa America, LLC*